SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

MICHAEL LI-MING WANG (CSBN 194130)
Assistant United States Attorney

   450 Golden Gate Avenue Box 36055
   San Francisco, CA 94102
   Telephone: (415) 436–6767
   michael.wang@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3–07–70559 EDL |
|    Plaintiff, | |
| v. | STIPULATION AND [PROPOSED] ORDER EXTENDING TIME FOR PRELIMINARY EXAMINATION |
| EDMUND JEW, | |
|    Defendant. | |

     On September 21, 2007, defendant Jew made his initial appearance before this Court in connection with the above-captioned Criminal Complaint. The Court set the matter for preliminary hearing, or arraignment on an indictment, on October 11, 2007.

     The parties now jointly request that the Court grant a continuance of thirteen (13) days of the preliminary hearing/arraignment date. The parties agree and stipulate that the additional time will give the United States the opportunity to provide limited discovery to the defense and afford all parties the opportunity to explore the possibility of a pre-indictment resolution. The parties further agree and stipulate that in light of the multiple legal proceedings involving defendant Jew, defense counsel will require the additional time for effective preparation.

1  Defendant Jew stipulates and agrees that he is aware that he has the right, pursuant to Rule 5.1(c) and 18 U.S.C. § 3060(b)(2), to a preliminary hearing within twenty days of his initial appearance.  Defendant Jew further stipulates and agrees that he is aware that 18 U.S.C. § 3161(b) requires that within thirty days of his initial appearance on the Complaint, the government must bring an indictment or information containing the charges alleged in the Complaint.

The parties hereby stipulate and agree that pursuant to Rule 5.1(d) and 18 U.S.C. § 3060(c), there is good cause to continue the preliminary examination.  The parties also stipulate and agree that the Court should extend the 30-day deadline for indictment prescribed by 18 U.S.C. § 3161(b).  The parties further stipulate and agree that in light of the multiple charges filed against defendant Jew—including the federal Criminal Complaint, criminal charges filed by the San Francisco District Attorney, civil proceedings pursued by the San Francisco City Attorney, and misconduct proceedings before the San Francisco Ethics Commission—defense counsel will require additional time for effective preparation, taking into account the exercise of due diligence, within the meaning of 18 U.S.C. §§ 3161(h)(8)(A) and 3161(h)(8)(B)(iv).

Accordingly, the parties jointly request that the Court continue the preliminary hearing/arraignment date from October 11, 2007, to October 24, 2007.

Respectfully submitted,

Date: September 28, 2007        /S/ Michael Li-Ming Wang
                                MICHAEL LI-MING WANG
                                Assistant United States Attorney

Date: September 28, 2007        /S/ Steven F. Gruel
                                STEVEN F. GRUEL
                                Counsel for Defendant Edmund Jew

Date: September 28, 2007        /S/ Edmund Jew
                                EDMUND JEW
                                Defendant

**[~~PROPOSED~~] ORDER**

Upon stipulation of the parties, and good cause appearing, IT IS ORDERED that this matter be continued from October 11, 2007, to October 24, 2007.

IT IS FURTHER ORDERED, based upon the agreement and stipulation of the parties, that the twenty-day time limit for preliminary examination under Federal Rule of Criminal Procedure 5.1(c) and 18 U.S.C. § 3060(b)(2), as well as the thirty-day time limit for information or indictment under 18 U.S.C. § 3161(b), be extended from October 11, 2007, to October 24, 2007.

Based on the parties' stipulation and pursuant to Rule 5.1(d) and 18 U.S.C. § 3060(c), the Court finds that defendant Jew consents to the continuance of his preliminary examination, and the Court also finds that there is good cause to grant this continuance.

The Court further finds that failure to grant the continuance would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, within the meaning of 18 U.S.C. § 3161(h)(8)(B)(iv). Pursuant to 18 U.S.C. § 3161(h)(8)(A), the Court finds that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial and in the prompt disposition of criminal cases.

DATED: 10/2/2007

HON. ELIZABETH D. LAPORTE
United States Magistrate



IT IS SO ORDERED
Judge Elizabeth D. Laporte

STIPULATION AND [~~PROPOSED~~] ORDER
No. 3–07–70559 EDL                    3